IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DIANA KEETON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 1:23cv74 LG-BWR |
| | * | |
| WAL-MART STORES EAST, LP | * | |
| JOHN DOES 1-10 | * | |
| | * | |
| | * | |
| Defendants. | * | |

**NOTICE OF REMOVAL**

TO:   THE UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF MISSISSIPPI
      SOUTHERN DIVISION

Defendant, WAL-MART STORES EAST, L.P. ("Wal-Mart") gives notice pursuant to 28 U.S.C. §§ 1441 and 1446 that this cause is hereby removed from the Circuit Court of Harrison County, Mississippi, to the United States District Court for the Southern District of Mississippi, Southern Division. As grounds for this removal, Defendants show as follows:

1.   An action was commenced against Wal-Mart in the Circuit Court of Harrison County, Mississippi, entitled *"Dianna Keeton, Plaintiff v. Wal-Mart Stores East, L.P."* Civil Action No. 24CI1:22-CV-00369. The State Court File is attached hereto as "Exhibit A".

2.   According to the Circuit Clerk's office for the Circuit Court of Harrison County, Mississippi, service of the initial pleading setting forth Plaintiffs' claims for relief was affected upon Wal-Mart on January 6, 2023, which was Wal-Mart's first actual notice of this action.

3. This notice of removal is filed in the United States District Court for the Southern District of Mississippi, Southern Division, after receipt by the Defendant of other paper setting forth the claim for relief upon which Plaintiff's action is based in accordance with 28 U.S.C. § 1446(b). The Circuit Court of Harrison County, Mississippi, is within this Court's district and division; therefore, this action is properly removable to this Court under 28 U.S.C. § 1441(a) & (b).

4. This Court has diversity jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332 since the parties are diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Plaintiff is now and at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a citizen of the State of Alabama. In her Complaint, Plaintiff states that she is a resident of Alabama. (Complaint, ¶ 1.)

6. Wal-Mart Stores East, L.P. is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a limited partnership whose sole limited partner is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, WSE Investment, LLC and whose sole general partner is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, WSE Management, LLC. Wal-Mart Stores East, L.P. is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. WSE Investment, LLC is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a wholly-owned subsidiary of Wal-Mart Stores East, LLC (i.e. the only member of WSE Investment, LLC is Wal-Mart Stores East, LLC), and was, at all times material hereto, including at the time of the commencement of this action

and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. WSE Management, LLC is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, likewise a wholly-owned subsidiary of Wal-Mart Stores East, LLC, (i.e. the only member of WSE Management, LLC is Wal-Mart Stores East, LLC) and was, at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. Wal-Mart Stores East, LLC, is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a wholly-owned subsidiary of Wal-Mart Stores, Inc., (i.e. the only member of Wal-Mart Stores East, LLC is Wal-Mart Stores, Inc.) organized under the laws of the State of Arkansas, maintaining its principal place of business in Bentonville, Arkansas.

7.  Plaintiff's Complaint seeks actual/compensatory damages for personal injuries to Plaintiff, Dianna Keeton, including "serious bodily injury", past, present, and future medical expenses; past, present, and future loss of enjoyment of life; past, present, and future mental anguish and emotional distress; loss of earning; aggravation of a pre-existing condition; and permanent physical restrictions, limitation, and disability. (Complaint, ¶ 10).

8.  In her Complaint, Plaintiff did not request a specific amount of damages. Therefore, on February 3, 2023, Wal-Mart propounded its Requests for Admissions to Plaintiff as to the amount in controversy. On February 17, 2023, the Plaintiff filed her response to Wal-Mart's requests for admissions denying that the damages did not exceed $75,000.00, denying that the amount in controversy did not exceed $75,000.00, exclusive of interest and costs, and otherwise answering in a manner establishing that the jurisdictional amount in controversy had been met (Exhibits "B").

9. This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441, as amended, because this action is a civil action of which the United States District Courts have original jurisdiction under 28 U.S.C. § 1332.

10. Pursuant to 28 U.S.C. §1446 (d), a true and correct copy of this Notice of Removal is filed with the Clerk of the Circuit Court of Harrison County, Mississippi, and a written notice of this removal has been served on all adverse parties as required by law.

11. If any questions arise as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

Respectfully submitted this 17th day of March, 2023.

/s/ W. Pemble DeLashmet
W. PEMBLE DELASHMET (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET (MS 2896)
mmd@delmar-law.com
Attorneys for Defendant Wal-Mart Stores East, LP

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone:   (251) 433-1577
Facsimile:   (251) 433-7994

CERTIFICATE OF SERVICE

      I hereby certify that I have on this day March 17, 2023, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Martin R. Jelliffe
Morgan & Morgan, PLLC
4450 Old Canton Rd., Suite 200
Jackson, MS 39211

                */s/ W. Pemble DeLashmet*
                OF COUNSEL